Acuna-De Garcia v. Garland

BIA
Christensen, IJ
A208 883 949/950/951

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-two.

PRESENT:
>JOHN M. WALKER, JR.,
>RAYMOND J. LOHIER, JR.,
>MYRNA PÉREZ,
>>*Circuit Judges.*

---

AURELIA ACUNA-DE GARCIA, M. S. G-A, E. L. G-A,
>*Petitioners*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

20-3135
NAC

---

FOR PETITIONERS: Carolyn M. Corrado, Esq., Jadeja & Cimone, LLP, Hempstead, NY.

FOR RESPONDENT: Brian Boynton, Acting Assistant Attorney General; Keith I.

McManus, Assistant Director; Nelle M. Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Aurelia Acuna-De Garcia, M.S. G-A and E.L. G-A, natives and citizens of El Salvador, seek review of an August 24, 2020 decision of the BIA affirming an August 21, 2018 decision of an immigration judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] *In re Aurelia Acuna-De Garcia, et al.*, Nos. A208 883 949/950/951 (B.I.A. Aug. 24, 2020), *aff'g* Nos. A208 883 949/950/951 (Immig. Ct. N.Y. City Aug. 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland*

---

[1] We refer primarily to Aurelia Acuna-De Garcia, as her two minor daughters were derivative beneficiaries on her application and also filed their own separate asylum applications.

*Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  We review factual findings for substantial evidence and questions of law and application of law to fact de novo.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination); *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–94 (2020) (applying substantial evidence standard to factual findings underlying CAT determination).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

To obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 107–08 (2d Cir. 2022).  "To succeed on a particular social group claim, the applicant must establish both that the group itself

was cognizable and that the alleged persecutors targeted the applicant 'on account of' her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014)(citations omitted). The applicant must provide "*some* evidence" of the persecutor's motives, "direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

The agency did not err in finding that Acuna-De Garcia did not establish the requisite nexus. "[N]exus is not established simply because a particular social group of family members exists and the family members experience harm." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (B.I.A. 2017). Acuna-De Garcia testified that she believed she was targeted for extortion in 2015 because she was building a house on the same plot of land that her father was building on when her parents were killed in 1994. She suspected that the assailants wanted the land or were somehow otherwise tied to her parents' murders, or that they targeted her because her husband was in the United States making money. These reasons are insufficient to establish the requisite nexus because they indicate that the individuals who extorted her were motivated by financial gain. *See Ucelo-Gomez v.*

4

*Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007)("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that "act[s] of random violence" do not constitute persecution); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

The agency's denial of CAT protection is also supported by substantial evidence. Acuna-De Garcia had the burden to show that she is "more likely than not to be tortured in the country of removal." 8 C.F.R. § 1208.16(c)(4). In determining whether torture is more likely than not, the agency is required to consider any past torture and country conditions. 8 C.F.R. § 1208.16(c)(3).

Acuna-De Garcia never testified to any physical harm or past torture. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an

5

extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.").  She also did not allege that anyone in her family had been physically harmed since her parents' murders in 1994.  And her country conditions evidence documented general crime and gang violence, not that someone in her particular circumstances would be singled out for torture.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring applicant to "establish[] that someone in his particular alleged circumstances is more likely than not to be tortured if imprisoned in China" (emphasis omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court